

# Service of Process Transmittal
04/25/2019
CT Log Number 535370235

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Walmart Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bonner Valerie, Pltf. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation(s), Petition |
| **COURT/AGENCY:** | 164th Judicial District Court Harris County, TX<br>Case # 201927935 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/06/2019 - 11755 Beechnut St., Houston, Texas 77072 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/25/2019 at 16:10 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after the date of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Anthony Akins Pusch<br>Pusch & Nguyen Law Firm PLLC<br>6330 Gulf Freeway<br>Houston, TX 77023<br>713-524-8139 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/26/2019, Expected Purge Date: 05/01/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

EXHIBIT A

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PSC# 16502 4/25/2019

| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73616026 CIV |

**CAUSE NUMBER** 201927935

| | |
|---|---|
| PLAINTIFF: BONNER, VALERIE<br>vs.<br>DEFENDANT: WALMART INC | In The 164th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: WALMART INC (A FOREIGN CORPORATION) BY SERVING THROUGH ITS REGISTERED
AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900 DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the __22nd__ day of __April__, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __22nd__ day of __April__, 20__19__.

Issued at request of:
PUSCH, ANTHONY A
6330 GULF FREEWAY
HOUSTON, TX 77023
TEL: (713) 524-8139
Bar Number: 24094445

Marilyn Burgess
**MARILYN BURGESS, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: CUERO, NELSON 7MM//11212055

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock __ M.,

by delivering to _____, by delivering to its

_____, in person, whose name is _____.

a true copy of this citation, with a copy of the _____ Petition attached,

and with accompanying copies of _____

I certify that the facts stated in this return are true by my signature below on the ____ day of _____, 20____.

FEE: $_____

By: _____

Printed Name _____

_____
Affiant Other Than Officer

As Deputy for _____

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

_____
Notary Public

*73616026*

RECEIPT NUMBER 0.00
TRACKING NUMBER 73616026 CIV

**CAUSE NUMBER** 201927935

| | |
|---|---|
| PLAINTIFF: BONNER, VALERIE<br>vs.<br>DEFENDANT: WALMART INC | In The 164th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: WALMART INC (A FOREIGN CORPORATION) BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900  DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the __22nd__ day of __April__, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10.00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __22nd__ day of __April__, 20__19__

Issued at request of:
PUSCH, ANTHONY A
6330 GULF FREEWAY
HOUSTON, TX 77023
TEL: (713) 524-8139
Bar Number 24094445

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: CUERO, NELSON  7MM//11212055

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M, endorsed the date of delivery thereon, and executed it at _____.

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its

_____, in person, whose name is _____,

a true copy of this citation, with a copy of the _____ Petition attached,

and with accompanying copies of _____.

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20_____.

FEE $_____

By _____

Printed Name. _____

As Deputy for. _____

Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

*73616026*

4/22/2019 2:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32958974
By: Nelson Cuero
Filed: 4/22/2019 2:42 PM

**2019-27935 / Court: 164**

CAUSE NO. _____

| | § | |
|---|---|---|
| **VALERIE BONNER** | § | IN THE DISTRIC COURT |
| **Plaintiff,** | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| **WALMART INC.** | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| **Defendant,** | § | |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, VALERIE BONNER, hereinafter called "Plaintiff" complaining of and about WALMART INC., hereinafter called "Defendant" and for cause of action shows unto the Court the following

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2

### PARTIES AND SERVICE

2. Plaintiff, VALERIE BONNER, is an individual who resides in Harris County, Texas and represented by the undersigned counsel

3. Defendant, Walmart Inc., is a foreign corporation, organized under the laws of Delaware doing business for profit in Texas and may be served by and through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court

5. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the *Texas Civil Practice and Remedies Code* because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county

1

6    Plaintiff has timely asserted his claims pursuant to the *Texas Civil Practice & Remedies Code* §16.003

## FACTS

7    Plaintiff brings this cause of action to recover damages sustained as a direct and proximate result of the Defendant's negligence on February 6, 2019

8    On or about February 6, 2019, Plaintiff was an invitee at the Walmart store located on 11755 Beechnut St., Houston, Texas 77072 Defendant's agent, only knows as Mr Alex, failed to acknowledge Plaintiff's presence in the shopping cart kiosk As Plaintiff was leaving the shopping cart kiosk heading towards the store, Defendant's Agent pushed the nested carts into her back As a result of the impact Plaintiff suffered injuries to her body

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

9    Plaintiff incorporates by reference the above paragraphs here

10    Defendant breach its duty of ordinary care and is liable to Plaintiff for negligence by

   a failing to adequately provide Plaintiff assistance,

   b failing to make the condition reasonable safe,

   c failing to care for the premises in a reasonable manner,

   d creating the dangerous condition, and

   e other acts deemed negligent

11    Defendant's agents or employees created the dangerous condition and, therefore, Defendant had actual knowledge of the condition

12    Defendant's breaches were the proximate cause of Plaintiff's injuries

13    Each of the above acts or omissions constitutes negligence

14   Plaintiff incorporates by reference the above paragraphs here

15   At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees Therefore, Defendant is liable for the negligent acts and/or omissions of its employees under the doctrine of vicarious liability or *respondeat superior*.

16   Defendant's employees were actively negligent in one or more of the following ways

   a Failing to provide Plaintiff assistance with here mobility on Defendant's premises

   b Disregarding the safety of Plaintiff, and

   c Other acts deemed negligent

17   Moreover, Defendant was negligent by failing to properly train and supervise its employees, who in turn failed to provide Plaintiff the necessary and required assistance causing her injuries

18   Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused by Plaintiff's injuries

19   Each of the above acts or omissions constitutes negligence

### DAMAGES FOR PLAINTIFF

20   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff as suffered substantial damages for which she seeks recovery from Defendant

   a   Reasonable medical care and expenses in the past These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the

accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas.

    b    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future,

    c    Physical pain and suffering in the past,

    d    Physical pain and suffering in the future, and

    e    Physical impairment in the past,

    f    Physical impairment which, in all reasonable probability, will be suffered in the future,

    g    Mental anguish in the past,

    h    Mental anguish in the future, and

    i    Any other damages that Plaintiff can show entitled to recover  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000  Plaintiff reserves her right to amend her petition and seek more or less money depending on outcome of the discovery process

## JURY DEMAND

21    Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens of Harris County, Texas  Plaintiff renders the appropriate jury fee

## REQUEST FOR STANDARD DOCKET CONTROL ORDER

22    Plaintiff present his objection to Agreed Docket Control order  Parties will not reach any agreement on Docket Control Order  Plaintiff request standard Harris County Docket Control Order to be issued and served on all parties

## REQUEST FOR DISCLOSURE

Plaintiff request defendant to respond within 50 days to Request for Disclosure, Rule 194.2, *Texas Rules of Civil Procedure*

## REQUEST FOR PRODUCTION

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production

Plaintiff requests that Defendant produce those items set forth herein at the offices of Plaintiff's attorney, Anthony Akins Pusch, Pusch & Nguyen Law Firm PLLC, 6330 Gulf Freeway, Houston, Texas 77023, for inspection and copying by the close of business on or before the thirtieth (30 days) day after response being due, or 50 days after the date of service, whichever is sooner

Demand is made for the supplementation of your responses to this Request for Production as required by *Texas Rule of Civil Procedure* 193.5

### DEFINITIONS AND INSTRUCTIONS

1. The terms "document" and "documents" as used herein include, but are not limited to, all paper material of any kind, whether written or typed, digitally generated or preserved, printed, punched or marked in any way, recording tape or wires, film, photographs, movies or any graphic matter, however produced or reproduced, all mechanical, digital or electronic sound recordings or transcripts thereof, all information stored or located in computer hardware or software, and all drafts and non-identical copies thereof "Documents" include, but are not limited to, correspondence, memoranda, e-mails, handwritten notes, messages, telegrams, diaries, calendars, minutes, books, reports, charts, graphs, ledgers, invoices, work sheets, work papers, receipts, tax returns, computer

5

printouts, prospectuses, financial statements, schedules, affidavits, written statements, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, photographs, microfiche, microfilm and information contained in any computer database For any document related to the matters described herein which is not in your possession, but which you know to exist, you are requested to identify any such document and indicate to the best of your ability that document's present or last known location and custodian

2       If any request for documents are deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information

(a)     the reason for withholding the document,

(b)     a statement of the basis for the claim of privilege, work product or other ground of nondisclosure,

(c)     a brief description of the document including

   (1)     the date of the document.

   (2)     the number of pages, attachments and appendices,

(3)     the names of the author, authors or preparers and an identification by employment and title of each such person,

(4)     the name of each person who was sent, sown or blind copied or carbon copied on the document, who sent the document, who had access to, or custody of the document together with an identification of each such person,

(5)     the present custodian, and

(6)     the subject matter of the document, and in case of any document, relating or referring to a meeting or conversation, identification of such meeting or conversation

If the producing party cannot produce any document or a part of a document specified below because such document or part of a document has been lost, destroyed or transferred to the possession, custody or control of a person who is not subject to the control of the producing party, said party shall furnish a list setting forth for each document or part of a document the information as follows

    (a)    the type of document,

    (b)    the date of the document,

    (c)    the author of the document,

    (d)    each addressee

    (e)    the present location of the document,

    (f)    the present custodian of the document,

    (g)    the number of pages of the document,

    (h)    a description of the document or a description of the contents of the documents (subject to appropriate privilege),

    (i)    the name and address of each person who was provided with a copy of the document, and

    (j)    the reason the producing party cannot produce the document or a party of the document (e g because it was lost, destroyed or transferred to the custody or control of another, including the identity and address of the other person)

    4    The term "date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date based upon its relationship with other events

    5    The terms "relating to" and "relate" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning,

7

commenting upon, supporting, contradicting or referring to the subject or topic in question, either in whole or in part

6    The singular shall include the plural, and vice versa, the use of the word "any" shall include and encompass the word "all," and vice versa, and the use of the disjunctive shall include the conjunctive, and vice versa

7    The relevant time period for these requests to produce shall be all time periods to the present, unless otherwise stated

8    "Digital date file" means a collection of digital data, organized in a specific manner, such as a conglomeration of instructions, numbers, words, or images as a single coherent unit that a computer user can retrieve, change, delete, save or send to an output device, such as a word processing document, spreadsheet or database of any kind, including repositories of electronic mail (i e, email)

9    "Digital format" means any digital media contained on any type of computer storage media regardless of form, including but not limited to files, file fragments and digital data found in unallocated space or slack space, and required for purposes of these requests that the digital data produced be recorded on computer storage media in exactly the same form in which it was found on the original source computer storage media

10    As used herein, "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity

11    As used herein, "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another

12    For the purposes of these requests "Plaintiff" shall refer to the Plaintiff in this action VALERIE BONNER

13    For the purpose of these requests, and unless otherwise specified, "Defendant" shall refer to the Defendant, WALMART INC

## REQUESTS

1    A copy of any surveillance movies or photographs which have been made of Plaintiff

2    A copy of any communication between Defendant and Defendant's agents or representatives with Plaintiff

3    Defendant's safety premises evaluation for the past 5 years

4    Any and all documents which evidence the job description or duties of the Defendant's employees responsible for maintaining the floors free of debris for said premises on the date of the incident made the basis of this lawsuit

5    Any and all books, documents, photographs, or exhibits which may and/or will be used at the time of trial

6    Any agreement between the parties or between any party to this suit and non-party regarding the ownership, operation, repair, maintenance, or other service for the floors involved in the incident made the basis of this lawsuit

7    Any and all investigative reports and other such documents produced by any government agency investigating the incident made the bases of this lawsuit

8    The Defendant's file and documents therein, including reports, correspondence, notes, and memorandums prepared prior to the filing of the pending lawsuit

9    The Defendant's file and documents therein, including reports, correspondence, notes and memorandums prepared prior to your anticipation of litigation of the pending lawsuit

10    The Defendant's investigative file and documents therein, including reports, correspondence, notes, and memorandums prepared prior to the filing of the pending lawsuit

11    The Defendant's investigative file and documents therein, including reports, correspondence, notes, and memorandums prepared prior to your anticipation of litigation of the pending lawsuit

12. The Defendant's primary and excess insurance company's file and documents therein related to this claim prepared prior to your anticipation of litigation of the pending lawsuit

13. The Defendant's primary and excess insurance company's investigative file and documents therein related to this claim prepared prior to your anticipation of litigation of the pending lawsuit

14. Any and all documents and materials the Defendant contends support any affirmative defense that the Defendant intends to allege

15. Any and all investigative reports and related documents produced by Defendant, or produced by any agent, representative, carrier, or employee on Defendant's behalf, related to the incident made the basis of this lawsuit

16. A copy of the title of the property used by the Defendant in the incident made the basis of this lawsuit and other documents that identified the owner of the property on the date of the incident made the basis of this lawsuit

17. Any all documents evidencing the Defendant's "net worth" for the two years prior to this incident through the present, including but not limited to income tax returns, financial statements, loan applications, bank statements, information on certificates of deposit and retirement accounts, and other such similar documents

18. Insurance files and related documents to claims made by any previous slip and fall victims on Defendant's premises from 2 years prior to this incident to the time of trial

19. Any and all documents related to background checks and investigation of qualifications and/or ability of Defendant's employees involved in the incident made the basis of this lawsuit, before, during, or after his/her employment with Defendant

20. Any and all documents related to safety training of Defendant's employees involved in the incident made the basis of this lawsuit, before, during, or after his/her employment with Defendant This request specifically includes any documents related to slip and falls similar to the incident made the basis of this lawsuit

21. Any and all photographs of which you have knowledge, either directly or indirectly, or within the knowledge of your attorneys, of any object relevant to this lawsuit, including but not limited to any photographs of the scene of the occurrence made the basis of this lawsuit or of any other fact relevant to any issue in this lawsuit This request also refers to any movies or motion pictures as well as still photographs

22. Any and all documents of any kind obtained from Plaintiff or other documentary information obtained through any authorization signed by Plaintiff

23  Any and all documents that show the identity of any witness to the occurrence made the basis of this lawsuit or any other person with knowledge of relevant facts concerning the occurrence made the basis of this lawsuit, the events leading up to it or any damages sustained by Plaintiff

24  Any and all documents relating to any slip and fall incidents on Defendant's premises from 2009 to the time of trial

25  A copy of all procedure manual or employee handbooks regarding safety, cleaning, maintenance, or inspection of Defendant's premises that were in effect at the time of the incident

26  A copy of all procedure manuals or employee handbooks regarding safety, cleaning, maintenance, or inspection of Defendant's premises that are in effect today

27  Any written notes prepared by the manager and/or any employee of the Defendant relating to the incident made the basis of this lawsuit

28  All documents relating, referring, or pertaining to the incident made the basis of this lawsuit

29  All documents, relating, referring, or pertaining to Plaintiff

30  A copy of the incident report made regarding the incident made the basis of this lawsuit

31  Copies of all medical records which pertain to the Plaintiff

32  Copies of all medical bills which pertain to the Plaintiff

## INTERROGATORIES

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories

Answers to the Interrogatories must be verified, dated and signed

## DEFINITIONS

1  The following definitions are to be understood and applied in answering said interrogatories

(a) "Document" shall mean every writing, printing or record or any type or description including but not limited to, correspondence, memoranda, stenographic or hand-written notes, files, corporate minutes, instructions, studies, reports, and data of every description Including carbon, photostatic, microfilm, Xerox, or other copies of same, and voice recording, however made

(b) "Oral communication" shall mean any communication by means of the voice, whether in personal conversation or by telephone or electronic transmission

(c) "Identify" when used herein in reference to a document shall mean to state the date, author, addressor, addressee, file number, type of document (i e letter, telegram, memorandum, notes, etc ), or some other means of identifying it, give its present location, and identify the person who presently has it in his possession or custody

(d) "Identify," when used herein in reference to a person, shall mean to state his or her full name, present or last known address and telephone number, and present or last known business affiliation

(e) "Identify," when used herein in reference to any oral communication, means to state the following

(1) whether such communication was in personal conversation or by means of telephone or other electronic transmission,

(2) the date on which such communication occurred (or the closest possible approximation of such date if the exact date is unknown, in which the fact that it an approximation should be stated),

(3) identify the speaker and state where he/she was at the time of the communication,

(4) quote as accurately as possible the words used by the speaker in such communication,

12

    (5) identify each and every person to whom the oral communication was directed and state where each such person was at the time

    (6) identify each and every other person who heard such oral communications,

    (7) identify each and every person who was present with the speaker at the time, and

    (8) identify each and every other person who was present with the person or persons to whom the communication was directed

(2) Any references herein to a party shall mean the party and its officers, employees, agents and representatives,

(3) "You," or "your" means the Defendant, WALMART INC, and includes their respective predecessors-in-interest, agents, employees, officers, directors, attorneys, or any other persons acting or purporting to act on its behalf

(4) "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, limited liability partnership, corporation or public entity

(5) "Relate(s) to" and/or "concern(s)" means to refer or pertains to or is in any way logically or factually connected with, or which may afford any information regarding the matters discussed therein

(6) "Relevant time period" means the time period from February 6, 2019, through and including the present

(7) For the purposes of these requests "Plaintiff" shall refer to the Plaintiff in this action VALERIE BONNER

(8) For the purpose of these requests, and unless otherwise specified, "Defendant" shall refer to the Defendant, WALMART INC

13

## INTERROGATORIES

1     State the name, address, telephone number, and driver's license (including state issued) and title of the person answering these Interrogatories and the name, address, telephone number and title of any person assisting in the answering of these Interrogatories, and state whether you are authorized to answer these Interrogatories on behalf of Defendant

2     Were any photographs taken of the Plaintiff or the scene of the fall immediately after the incident in question? And if not, why not?

3     What affirmative acts did Defendant take in order to prevent accidents on the premises, and were they taken in the incident made the basis of this lawsuit?

4     Did the Defendant have any policy in place to combat the sort of incidents, as the one that lead to this cause, in its premises? If so, what were said policies and how were they enforced?

5     Please describe what the Defendant's policies are if a customer suffers an injury while on the premises

6     Has the Defendant conducted any test, experiment, or incident recreation/reconstruction, evidence from which or the results of which you may attempt to introduce into evidence in a trial of this cause? If so, please describe any test, experiment or incident recreation/reconstruction, and identify the custodian of said test, experiment, or incident recreation/reconstruction

7     Did the Defendant or anyone acting on Defendant's behalf conduct a post-incident investigation of the incident made the basis of this lawsuit? If so, please state the date and time the investigation was conducted, identify the person(s) who conducted the investigation, state whether any written document was generated from such investigation, and if so identify the custodian of the report

8     If is the Defendant's contention/opinion that the Plaintiff or any agent of the Plaintiff has made any statement, declaration, or admission contrary to the Plaintiff allegations in this lawsuit, please state completely and fully all representation, statements, declarations, or admissions made by this party or any agents, servants, or employees or this party that are contrary to the Plaintiff's allegation in this lawsuit If they are contained on a document, please identify such document which the Defendant believes support the contention/opinion Please identify with such particularity as the Defendant would require to produce in a request for production

9     Please explain in <u>detail</u>, your version of he incident on which this suit is based Please include every factor which you contend contributed to this incident whether it occurred or existed before, during, or after this incident

14

10    Identify each person or entity who has ever sued the Defendant or who has ever written or caused to be written any letter to the Defendant threatening to sue the Defendant over the past ten (10) years regarding an injury on Defendant's premises. State the style and nature of the suit or threatened suit, identify any attorney who represented the Defendant and identify any attorney who represented any other person in the suit or threatened suit, and the final disposition of the suit or threatened suit.

11    If you allege that someone else's conduct besides your own, or some other condition or event than that caused by you, caused or contributed to the incident in question, describe in detail the identity of such other person, event, or condition, including the employers, name, address, and telephone number of such persons, and how each person, event, or condition caused or contributed to the incident.

12    State the name, address, job title, description of his/her duties, and location of each employee who was present on the Defendant's premises on the date of the incident in question.

13    Was an inspection made prior to the incident to determine whether the area where Plaintiff was injured was in a safe condition for use by customers? If so, state the frequency of such inspection, the date and time of the last inspection prior to the incident, the name, address, and job title of the person who made the last inspection, a description of the findings that were made of the last inspection, and whether any instructions were given as a result of the last inspection to remove, clean, or alter anything in the area of the incident, and if so, a description of the instructions and the name of each person to whom such instructions were given.

14    Were any changes or alterations made by the Defendant in their maintenance of the cart kiosk as a result of the incident in question? If so, for each change or alteration made by the Defendant, state the date it was made, the name, address, telephone number, job title of the person who instituted said change, and the reason for said change or alteration.

15    When did you first suspect that Plaintiff may file a lawsuit or other claim against you and/or any of your employees related to or arising from the injuries Plaintiff sustained as a result of the incident made the basis of this lawsuit?

16    Please identify (name, address, and title) the person or persons who will serve as your organization's representative at trial, including your representative who (a) will be sitting at counsel table and/or (b) will be introduced to the Court as your representative at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, VALERIE BONNER, respectfully prays that Defendant, WALMART INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, exemplary damages, excluding

15

interest, and as allowed by § 41.008, *Chapter 41, Texas Civil Practice and Remedies Code*, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        **PUSCH & NGUYEN LAW FIRM PLLC**

        *s Anthony Akins Pusch*
        Anthony Akins Pusch
        apusch@puschnguyen.com
        State Bar No. 24094445
        Chi-Hung David Nguyen
        cnguyen@puschnguyen.com
        State Bar No. 24095085
        6330 Gulf Freeway
        Houston, TX 77023
        713-524-8139 (Office)
        713-524-7034 (Facsimile)
        **For Electronic Service:**
        eserve@puschnguyen.com

        **ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**